Andrew O. Smith, Esq., SBN 217538
Flora Ruoyu Li, Esq., SBN 337817
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 West Century Boulevard, Suite 1100
Los Angeles, California  90045
Tel:   (310) 649-5772
Fax:   (310) 649-5777
Email: aosmith@pettitkohn.com
           fli@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET IACCINO, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., a Delaware corporation; NATALIE DOE, an individual; and DOES 1-25, inclusive., <br><br> Defendants. | Case No. 2:22-cv-06443 <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)** <br><br> Courtroom: <br> District Judge: <br> Magistrate Judge: <br> Complaint Filed:  March 15, 2022 <br> Trial Date:          September 12, 2023 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WALMART INC. ("Walmart"), by and through its counsel, hereby removes the above-entitled action filed by Plaintiff MARGARET IACCINO ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV09048 to the United States District Court, Southern District of California pursuant to 28 U.S.C. §1441, and respectfully alleges as follows:

1. On March 15, 2022, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Margaret Iaccino v. Walmart Inc., et al.*, Case Number 22STCV09048 ("the State Action").  A copy of the complaint filed in the State Action is attached hereto as **Exhibit "1."**

///

2. Walmart was served with a copy of the complaint filed in the State Action and a summons from the State Court on May 19, 2022. A copy of the summons is attached hereto as **Exhibit "2."**

3. On May 26, 2022, Walmart timely filed its Answer to Plaintiff's Complaint, along with a Demand for Jury Trial in the State Action, attached hereto as **Exhibits "3"** and **"4,"** respectively.

4. Based on a review of the State Court file as of September 8, 2022, no other Defendant has been served with any Summons or Complaint in the State Action.

5. Plaintiff's Complaint purports to assert causes of action based in premises liability and negligence. Plaintiff's Complaint seeks to recover damages for hospital and medical expenses, past and future medical expenses, and past and future general damages.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)

6. This Court has jurisdiction over this matter under 28 U.S.C. section 1332(a)(1) because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. sections 1441 (a) and (b).

    **a.  Plaintiff is a Citizen of California**

7. Plaintiff is domiciled in and is presently a citizen of the State of California. On or about August 10, 2022, Plaintiff responded to Walmart's Form Interrogatories (Set One) verifying that she is domiciled in the State of California, and thus a present citizen of California. Plaintiff was born in California in 1961 and lives in Sylmar, California. Attached hereto as **Exhibit "5"** is Plaintiff's verified Responses to Walmart's Form Interrogatories (Set One) (see 2:17-20; 3:12-18). Plaintiff further admitted that she is a citizen of the State of California and her permanent residence is in California. Attached hereto as **Exhibit "6"** is Plaintiff's verified response to Walmart's Request for Admissions (Set One) (see 15:28-17:9.)

**b.   Plaintiff Claims Damages in Excess of $75,000**

8. Plaintiff claims in excess of $75,000 in general damages. (See **Exhibit "6,"** 16:26-17:9.) As result of the incident, Plaintiff claims injury to her left hip, low back, right hip and neck. Plaintiff claims approximately $129,171 in medical specials. (See **Exhibit "5,"** 10:20-11:25.) Accordingly, the amount in controversy, exclusive of costs and interests, certainly exceeds the minimum requirement required for diversity jurisdiction under 28 U.S.C. section 1332(a).

**c.   Walmart is a Citizen of Delaware**

9. Walmart is a citizen of Delaware where it is incorporated, and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). Copies of Walmart's corporate information from the California Secretary of State Business Search and the Arkansas Secretary of Business/Commercial Services are attached hereto as **Exhibits "7" and "8,"** respectively.

10. Because the State Action is pending in the Superior Court of California in and for the County of Los Angeles, removal of this action to this District Court is proper under 28 U.S.C. section 1441(a).

11. Removal is timely under 28 U.S.C. section 1446(b) because this Notice of Removal is filed within 30 days of Walmart receiving notification from Plaintiff's discovery responses that he was a citizen of the State of California and that the total amount in controversy exceeds the jurisdictional requirements of $75,000, exclusive of costs and interests. It was not until Plaintiff served her discovery responses concerning the nature and extent of her injuries and confirming her citizenship in the State of California, that Walmart learned this matter exceeded the jurisdictional requirements for diversity jurisdiction under the Federal Rules of Civil Procedure.

12. Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff. The Notice of Interested Parties, with a true and correct copy of

///

the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles as soon as practicable.

    **d.**    **Defendant "Natalie" Doe.**

13.    Plaintiff has sued NATALIE DOE as a Defendant. As of September 9, 2022, six months after Plaintiff filed the lawsuit, this Defendant has not been served and has not appeared in this lawsuit. Upon further research, it is reasonable to believe that there was no individual named "Natalie Doe" that was related to the subject incident. In Plaintiff's complaint, Plaintiff alleged that "Natalie Doe" was a supervisor and/or manager of the store. However, after a diligent investigation, there was no one employed at the subject store by the first name of "Natalie," "Natalia" or any other name that is similar to "Natalie Doe" at the time of incident. Walmart respectfully contends that "Natalie Doe" is a sham Defendant who was fraudulently joined to the lawsuit for the purpose of defeating diversity. See Declaration of Flora Ruoyu Li, Esq. (¶¶ 12-14), filed contemporaneously herewith.

**WHEREFORE**, Walmart requests that the above-entitled action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLI PC**

Dated: September 9, 2022    By  /s/ Flora Ruoyu Li
    Andrew O. Smith, Esq.
    Flora Ruoyu Li, Esq.
    Attorneys for Defendant
    **WALMART INC.**
    aosmith@pettitkohn.com
    fli@pettitkohn.com